We will pull the next case and our final matter for oral argument today in the case of Ari Weitzner v. Sanofi Pasteur. Mr. Bank. May it please the court, I represent the appellants and I reserve five minutes for rebuttal time. I would like to begin with the discussion of China Agritech. In that case, the court addressed a putative class action in which the named plaintiff was a putative class member in a prior action. The court in discussing the new action explained that, quote, a would-be class representative who commences suit after the expiration of his own limitations period can hardly qualify as diligent. Her interest in, or his or her interest, in representing the class as lead plaintiff, therefore, would not be preserved by the commencement of the prior action. Well, this reasoning clearly does not apply to Dr. Weitzner as far as that reasoning goes. Let me put you something in the district court opinion because I'm not quite sure I understand what you just said or follow it or agree with it. I do understand it. The district court said right at the end of his opinion, in every meaningful way, Dr. Weitzner would be the beneficiary of the PC's individual claim and thus tolling would serve to protect a plaintiff who initiated a prior claim. Allowing the PC on these facts to seek shelter from the statute of limitations, the use of American pipe tolling, the American pipe tolling rule would condone the abuse of American pipe. And in your response to us, which I had a second ago, you stated, in quoting from that, with respect to the instant case, there had been no quoting, notice, double quoting, notice, nor the opportunity to participate, to participate, and double quote, in the prior action. That is the prior Pennsylvania state court action. And then you mentioned China Tech and said just as in China Agritech. I understand that. Weren't you in the prior case? Dr. Weitzner, right. I'm saying, I was referring in what I just stated a moment ago. Dr. Weitzner wasn't just in the prior case. He was a named plaintiff. That's right. I'm simply responding. You're right. I'm simply responding to the diligence. So why should he be a beneficiary of American pipe? He clearly had notice. Okay, again. He gave himself notice. Again, I was only referring to the diligence. I'll answer that question in a moment. But I was referring only to the diligence aspect of China Agritech. China Agritech was saying that putative class members who received notice, as they had in the prior action at issue in China Agritech, should have then asserted their rights, at least as far as being a lead plaintiff. Well, obviously, and therefore, if they did not do so, they weren't, quote, unquote, diligent. Obviously, as Your Honor just said, Dr. Weitzner, having brought the prior action as a named plaintiff, and obviously, one cannot say he was not diligent. He obviously was diligent as far as that argument is concerned. Now, as far as the broader question, I think… Why should he be allowed to bring a follow-on class action? Having been a named plaintiff, thereby having initiated in the state court the first class action. And if he should, where does it end? No, and that's now, that argument, which this court actually rejected in Yang, that would apply whether it's the same plaintiff… The court rejected Yang, and I know a little bit about that. I didn't take offense, but I wrote Yang. I think it's a dead letter. Well, I don't think it is because… I think it's a live letter, if I can coin a phrase, because China Agritech clearly relied upon, and it wasn't just an afterthought, clearly relied upon the fact that the statute at issue there, the PSLRA, required notice, not even of class certification, but of the commencement of a putative class action. That wasn't the case here. Notice was given. That wasn't the case here. And therefore, the plaintiffs had, the putative class members, rather, had notice. They had the ability to make an informed decision as to whether to act or how to act. But what is the legal policy underlying American pipe? It's the legal policy. There are several, but one of them, in relevant part here, one of them is to generally further the purposes of class actions in the first place, which is to allow the efficient handling of numerous claims, which typically… That could be said about any class action, because efficiency is at the heart of the legal policy underlying not just class actions, but all forms of aggregation. But let's get beyond that. What's the specific purpose of American pipe? Because it is about tolling. Who's being protected there by virtue of American pipe? Well, again, in the way you asked the question, certainly the PC, although obviously, yes… I'm not asking about the PC, right? Yes. I'm asking generally, who is intended to be a beneficiary of the legal policy underlying American pipe? See, I think, in a certain respect, it would be the putative class members in an action. And obviously, we're not claiming that Dr. Weiss… Those people out there, probably indeterminate, at least in the large class action, by large, I mean an expansive definition that would be inclusive of many people. In that instance, those folks may well have no knowledge whatsoever that a class action has been filed, which may have important implications for specific rights of theirs, right? Right, of course. But we don't want res judicata to preclude them later on from bringing their own actions. Isn't that what American pipe is all about? It's certainly not limited to concerns of res judicata. The real preclusion is the result of a judgment in a class action, if you are a member of the class. Yes, well, in this case, there was no judgment in the state court action. There was no ruling on the merits. I understand that, but that is the underlying concern that tolling has. Because if the statute moves on, you're out of court. Right, but I think the underlying concern or the motive, if you will, of American pipe tolling is for those class members, because your point is well taken. Lots of class members have no idea that there's an action in which their rights are seeking to be represented. But for those who do, and this is really the key rationale of American pipe, is that the system, the judicial system, for efficiency's sake, wants to encourage those putative class members who would otherwise bring individual actions, saying, oh, my limitations period is going to be up next week. I better act now or lose my rights. So with that respect, that certainly would apply to the PC. Obviously the PC is related to Dr. Weitzner. It's more than related. Dr. Weitzner's own deposition testimony. But again, the PC, as the district court recognized, is and has been in all relevant times a distinct legal entity with its own rights. That was not the testimony of Dr. Weitzner in his deposition, who clearly said that there was virtually identity between him and the PC. He's the PC, the PC's him. Dr. Weitzner, I have my law practice is also a PC. I would probably give the same answer. And like Dr. Weitzner, except for the fact that with Dr. Weitzner, he very understandably said that he understands that he is a layman and that he understands that legally. What about the language then of the beneficiary of the PC's individual claim, which is how the district court worded it? I'm sorry. Isn't it true that in every meaningful way, Dr. Weitzner would be the beneficiary of the individual PC's, of the PC's individual claim? He would, obviously to a significant extent. There could be tax elements that I'm not privy to or not in full understanding or aware of. Yes, by and large, that might be true. But then again, I guess I could turn it around. Well, first, again, it still doesn't change the key fact that, A, Dr. Weitzner and the PC are distinct legally speaking. Yes, he's the sole principal. Nobody changed the distinct fact that, as the court said, allowing tolling here under American Pipe would serve to protect a plaintiff who initiated the prior action. But again, the PC did not institute the prior action. But in terms of who the PC is, I think we just covered this bridge. Maybe not for purposes of tax deductions and things, or maybe only entitled to real estate, but in terms of who the real beneficiary is, and that's the term the district court used. Dr. Weitzner. Okay. Well, I would say two things. First, let's suppose for whatever reason, the PC, through Dr. Weitzner, let's suppose, okay, but the PC wanted to exercise its rights. Well, then maybe in the next situation, maybe that's a little more complex and sort of straightforward, you know. I don't think there's anything complex about it. You have just suggested that the PC has interests, and by that I assume you are also saying that the PC was or would have qualified to be a member of the putative class in the state court action. Right? Well, what I'm saying, Judge, is. Just answer my question. I'm not sure I understood the exact. I'm sorry. Would the PC not have come within the definition of the class in the state court action? It would have. The PC was a putative class member. That's right. Right. The PC was a putative class member. And, again, would the judicial system be better off if the PC had, because it couldn't have its claims be told, brought a separate action, which, again, they might have been consolidated as a practical matter, but the PC could have brought a separate action, but it shouldn't be motivated to do so. And I would sort of respond to the question with maybe a rhetorical question of my own, which is where would the line be drawn? For example, if in this case the court were to say, well, the PC and Dr. Weitzner, they're too closely linked, and therefore we won't apply tolling to the PC's claims, well, what if the PC were owned by two shareholders, a partnership, an LLC? There's so many different scenarios to say that. You're just asking for more litigation on. By two shareholders, both of whom would have had notice. Well, let's suppose the case was brought by one of two shareholders, and so on and so forth. They both have notice. You said. Okay, let's say they both had notice. Okay. But maybe only one brought the claim, and that one might as a partner might only receive half the benefits that the corporate entity would receive. I'm sorry? As long as they had notice, what difference would that make? Well, because what I'm saying is it makes a big difference, because here the court seems, or the district judge, was saying that, well, essentially that Dr. Weitzner and the PC are really one, which they're not. But that's what the district court essentially said. Which they're not in what respect? They certainly both have the same notice provided them here, don't they? Well, legally speaking, the answer is they did not. Obviously, as a practical matter. What, there's some disconnect between legal and reality? Well, we're dealing with legal issues. Really? Yes, there is. I think we are. Well, again, just like moments ago, we talked about whether the class members know about the class action or not, and yet, generally speaking, American pipe tolling applies with respect to putative class members, whether or not they know about an action. So you're suggesting that the PC did not have the same notice that Dr. Weitzner had. Is that what you're saying? Legally speaking, the PC did not. What's this legally speaking? Well, this is the court, and I'm saying legally speaking. Right now, I'm not asking you whether they are identical entities or parties. I'm asking you if each received notice in the same fashion. The fact that Dr. Weitzner received notice, which we can't, no one can dispute, legally or otherwise. Of course. Doesn't that automatically transfer to the PC as well, given Dr. Weitzner's own testimony? Well, if you, no, first of all, Dr. Weitzner testified. I identified myself with my PC. All right, I think you've taken this as far as we can take it. We'll have you back on rebuttal. Okay, thank you. Is it Mr. Greco or Mr. Greco? Excuse me, Your Honor? Is it Mr. Greco or Mr. Greco? Greco. Mr. Greco. Thank you, Your Honor. Carl Greco representing the defendants, Back Serve Incorporated and Santa Fe Pastoring. Very briefly, the district court properly decided that the plaintiff's individual and class claims were barred by the statute of limitations. The American Pipe Tolling Doctrine makes it very clear that it is inapplicable to individual named plaintiffs. Therefore, with respect to Dr. Weitzner and his individual claims in the second action, he was a named plaintiff in the petitive class action filed in Lackawanna County. Therefore, he's out. The district court decided that, and properly so, that the statute of limitations barred his claim. There was no tolling because American Pipe Tolling applies only with respect to those individuals who have not earlier served in a representative capacity. It's uncontroverted that Dr. Weitzner was a named plaintiff in the state court action, still remains so, and therefore, he's out. He's a pretty experienced plaintiff, too, isn't he? Well, yes, and in fact, someone might describe him as a serial plaintiff, Your Honor. And, you know, with respect to the PC's claims. In PCPA cases. Yes. With respect to the PC's claims, you know, again, American Pipe Tolling was formed to create a limited exception to the application of the statute of limitations with respect to unnamed absent class members. An equitable doctrine that was. Equitable doctrine. It was not intended to give serial plaintiffs an opportunity to revive and resuscitate time barred claims. And that's exactly what's being tried here by Dr. Weitzner. The district court did a very reasoned analysis and pointed out, again, Dr. Weitzner was the sole shareholder of that PC. There were no assets, no employees, no business. You know, the plaintiff's appellants have strained to explain away Dr. Weitzner's unequivocal testimony that he and the PC are the same. This has nothing to do with the analysis of a separate legal entity. This has to do with the application of an equitable doctrine in American Pipe Tolling. And in this particular case, they are the same. Dr. Weitzner referred to them as the same. And there was he referred to the PC and himself interchangeably. And in fact, the parties did not pursue, nor did the district court rule on a question of piercing the corporate veil here. That's correct. I mean, it really proceeded on equitable grounds. Yes. And that is because that's the doctrine of American Pipe. It was designed to allow unnamed absent class members to rely on the filing of a class action complaint to preserve their claims. And in this particular instance, as you've pointed out, Your Honor, how could Dr. Weitzner receive notice and that not be noticed to the PC? They were the same. And so they're trying to say that American Pipe Tolling applies. And it would be it would be an unreasonable extension and strain of the application of the American Pipe Equitable Doctrine to allow Dr. Weitzner to toll his own statute of limitations and as a putative in the potato class action in Lackawanna County just to protect his solely owned PC. It's clear that in this case, the same faxes are involved. And again, the ownership interests of Dr. Weitzner and the PC are very clear. So with respect to the individual claims of Dr. Weitzner and the PC, we believe that the district court was correct in its analysis and its holding. Regarding the class claims, China Agritech has made it very clear. And the Supreme Court has adopted a blanket policy, as it has been described, of no tolling of class claims, period. So Yang versus Odom is not a live letter. Respectfully, Your Honor, yes. It is, as you've characterized it, in our view, a dead letter. Those class claims are gone. And that's consistent, though, the determination by the district court in this case that the class claims were barred really was consistent with the earlier opinions of this court regarding an analysis of whether, again, a plaintiff in an earlier class action could bring a subsequent tack-on class claim. They could not. That's the Lacey case that this court has followed. So it's our position that the court was correct, that it is very clear under the inapplication of American pipe tolling, the claims are barred from an individual basis, and China Agritech bars those class claims by the Supreme Court's recent decision. There was one other action that the district court took that was taken upon appeal, and that is they granted in part our motion to strike the plaintiff's answer to our And the application of Local Rule 56.1. 56.1, and really What standard of review should we apply to that? Because it seems to me, this caught my attention actually later on in my review of this case. I'm not sure that this court has ever explicitly declared what the standard of review should be when reviewing a district court's ruling concerning a local rule. Right.  Well, we would say it should be, certainly, Your Honor, but again, you know, holding true to the principles regarding the standard of review in the case where motion for summary judgment has been granted, it appears that the court may have de novo power there. Well, certainly with respect to a summary judgment ruling. But leading up to that, there had to be a determination as to what the local rule said, and then an application of that understanding of the local rule to what actually transpired. And that's why, you know, we would believe, Your Honor, that in the case of the court's action on defendant's motion to strike, it is abuse of discretion. So for these reasons, Your Honor, and those cited in our brief, we believe that the order of the district court should be affirmed. If there are any further questions, I'd be happy to respond to the best of my ability. Thank you, Mr. Greco. Thank you. Mr. Banks, rebuttal. Suppose that a putative class member from the state court action, besides Dr. Weitzner or the PC, had brought the district court action. Dr. Weitzner and the PC would both be putative class members in the district court action. And if the case proceeded to class certification, would be entitled to exercise their rights. But what the district court said is that because the district court action was not brought by an outside putative class member, but rather by Dr. Weitzner and the PC, there can be no recovery for Dr. Weitzner or the PC. It seems to me that that's as much as a court can put form over substance as possible. So Dr. Weitzner's rights should not have depended on whether someone else happened to bring a case, someone else from the state court action. Stating it in a very interesting way. If you could rephrase that in asking the same formulation, whether or not those facts should preclude the court from finding that the plaintiff knew that the clock was ticking and didn't act within the time required under the law to act, and therefore the statute ran and wasn't told. That's a difficult way to formulate that. Because we're not really involved with the substantive right to recovery per se, but whether or not someone had sufficient notice to cause them to act and what's happened in the fire of that person's actions. Well, if I understood your point. My example here is not concerned with a timing issue. My example assumes, for the sake of the example only, that an action brought by what I call an outside putative class member from the state court case would have been timely filed. Because if you put into that formulation any statement, you'd end up with something that sounds unfair. But the law requires that actions be brought within a certain period of time. And the issue is here, obviously, when does the period of time run? When does it expire? And who has notice to act to prevent the time from running? Not whether or not the law is going to provide somebody with a recovery that they otherwise would have been entitled to. Right. Well, and again, just turning back to the earlier argument, which this dovetails into that, as far as who received notice. Again, legally, did the PC receive notice? No, it didn't. Factually speaking, you could certainly say it did, given that the only. Factually speaking, it did. In the sense that Dr. Weiser was the sole principal. How would you give a notice? How would you give a notice? Would you take the certificate of incorporation, put it on the wall and shout to it, you got notice? No, I would do exactly what happened or what would have happened or did happen rather in China agri-tech. Yes, notice would have been sent to address to the PC. Why is there not an exquisite redundancy to Dr. Weister's own knowledge as the sole shareholder and the person who says the company is me, the corporation is me? Again, he said that the way I would say it, except I would understand a little bit more than he did. I'm a lawyer, he's not. But he understood that it's, as the district court recognized, the PC is a distinct legal entity with its own rights. You keep saying that. Yes. But at the same time, fail to answer why the PC does not have notice because Dr. Weister does. I said legally, it didn't have notice. Because notices weren't sent. I said that was the whole point or a very key point, I should say, in China agri-tech, in which the court said that under the statute, formal notice. Not just I happen to be part of it. This is actually not an issue before this court or an issue in this appeal. But you are suggesting something that I certainly will indicate to you I dispute. And that is the sense, that is the notion that because a putative class member did not receive a formal notice pursuant to Rule 23, relative to class certification, that it didn't receive notice. There are other forms of actual notice. We're talking about legal notice. Well, let's suppose, for example, in China agri-tech. Let's suppose that for whatever reason, a glitch, whatever it is, that the formal notices that the PSLRA required to be sent were not sent. Okay? And now some class members came forward, et cetera, et cetera. I think the result will be very different in China agri-tech, number one. And number two, I don't think it would make a difference whether a putative class member who did not receive the formal notice testified or conceded, if you will, that, oh, I happened to have read about it in a newspaper or heard about it through a friend or however you might have heard it informally. I think China agri-tech would have been very different if the formal notice hadn't been distributed, regardless of whether any given putative class member actually knew, as did Dr. Weissner, actually knew about the pending class action. All right. Thank you. If there are any questions, I see my time is up. Mr. Bank. Thank you. Mr. Greco will take the matter under advisement and at this point ask the clerk to.